**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

KONG L.,

Petitioner,

v.

DAVID EASTERWOOD, *Director of St. Paul Enforcement and Removal Operations, Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security*; DAVE ISAIS, *Jail Commander of the Sherburne County Jail*; TODD BLANCHE, *Attorney General of the United States*; and DAVID J. VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*,

Respondents.

Case No. 26-cv-3669 (LMP/LIB)

**ORDER**

---

On September 21, 2026, the Court denied Kong L.'s[1] petition for a writ of habeas corpus after the Court concluded that Immigration and Customs Enforcement ("ICE") had followed applicable regulations in revoking his Order of Supervision ("OSUP") and that Kong was lawfully detained. ECF No. 10. Specifically, the Court determined that, at the time of Kong's arrest, ICE had a valid I-205 warrant and had shown that Kong's removal

---

[1] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

was "significantly likely in the reasonably foreseeable future." *Id.* at 4–10. As a result, the Court concluded that ICE was justified in revoking Kong's OSUP. *Id.* at 8.

Shortly after the Court entered its order, Kong filed a letter—pursuant "to Local Rule 7.1(j)"—requesting leave to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).[2] ECF No. 11. Kong argues that "compelling circumstances" exist for the proposed motion because the Court made certain legal errors. *Id.* at 1. Kong asks the Court to preserve the "*status quo*" while the Rule 59(e) motion remains pending. *Id.* at 2. Kong also filed an emergency motion for a temporary restraining order ("TRO") under Rule 65, asking the Court to restrain the Government from removing Kong from the District of Minnesota while his Rule 59(e) motion is pending. ECF No. 12 at 1.

The Court denies Kong's request because Kong is not required to seek leave to file a Rule 59(e) motion. True, Local Rule 7.1(j) requires a party to seek leave to file a motion for reconsideration. *See* L.R. 7.1(j). But a Rule 7.1(j) motion for reconsideration and a Rule 59(e) motion are not the same. Rule 59(e) applies to motions to alter or amend a final judgment, whereas a Rule 7.1(j) motion applies to non-final orders. *See DuBose v. Kelly*, 187 F.3d 999, 1002 n.1 (8th Cir. 1999) (noting that "the local rule setting out a special procedure for 'motions to reconsider' (a term not found in the Federal Rules of Civil Procedure) was intended to apply to litigants' desire to get reconsideration of pre-judgment

[2] At the time the Rule 59(e) request for leave was filed, ECF No. 11, Judgment had not been entered, ECF No. 13.

actions by the trial court, for example, an order denying a motion for summary judgment, an order compelling discovery, or the like"); *Randolph v. Erick Berscheid Trucking, LLC*, No. 25-cv-4526 (PJS/LIB), 2026 WL 1216911, at *1 (D. Minn. May 5, 2026) (noting that "motions under Rules 59(e) and 60(b) are not properly directed at non-final orders"). Here, Kong seeks to amend the Court's final judgment, so Rule 59(e)—not Rule 7.1(j)—applies. *P Park Mgmt., LLC v. Paisley Park Facility, LLC*, No. 21-cv-2128 (MJD/JFD), 2022 WL 14882465, at *2–3 (D. Minn. Oct. 26, 2022) (explaining that "final judgments are considered under Rule 59(e)"). And a party may file such a motion as of right. *DuBose,* 187 at 1002 n.1 (Rule 59(e) "expressly authorizes the filing of motions to alter or amend a judgment. Litigants have a right . . . to file such motions."); *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 857 (8th Cir. 2008) (noting that a district court "abused its discretion by denying as untimely under a local rule [a] motion for reconsideration filed pursuant to Rule 59(e)"). As a result, the Court denies Kong's request, given that Kong does not need the permission he seeks.

The Court also denies Kong's TRO motion without prejudice. A TRO is "an extraordinary equitable remedy," and the moving party "bears the burden of establishing its propriety." *Life Time Fitness, Inc. v. DeCelles*, 854 F. Supp. 2d 690, 694 (D. Minn. 2012). In determining whether the moving party has met this burden, the Court must consider four factors: (1) the threat of irreparable harm to the moving party in the absence of relief, (2) the balance between that harm and the harm that the relief may cause the non-moving party, (3) the likelihood of the moving party's ultimate success on the merits, and (4) the public interest. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.

1981) (en banc). Kong's request discusses none of these factors. Of course, the Court understands that Kong desires a TRO while he seeks Rule 59(e) relief and can presume that Kong believes he has a high likelihood of succeeding on a Rule 59(e) motion. But no Rule 59(e) motion is yet before the Court, and the Court does not have the benefit of weighing Kong's potential legal challenges beyond the summary statements made in his letter seeking leave. Without the benefit of any legal analysis and having considered and rejected many of Kong's arguments already, the Court does not find that Kong has met his "burden of establishing the propriety of an injunction." *Turtle Island Foods, SPC v. Thompson*, 992 F.3d 694, 699 (8th Cir. 2021). Consequently, the TRO motion is denied at this time.

**ORDER**

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Kong's Letter Requesting Permission To File Rule 59(e) Motion (ECF No. 11) is **DENIED as moot**.

2. Kong's Emergency Motion for a Temporary Restraining Order (ECF No. 12) is **DENIED without prejudice**.

Dated: September 22, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge