**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

KONG L.,

Petitioner,

v.

DAVID EASTERWOOD, *Director of St. Paul Enforcement and Removal Operations, Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security*; DAVE ISAIS, *Jail Commander of the Sherburne County Jail*; TODD BLANCHE, *Attorney General of the United States*; and DAVID J. VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*,

Respondents.

Case No. 26-cv-3669 (LMP/LIB)

**ORDER**

---

On September 21, 2026, the Court denied Kong L.'s[1] petition for a writ of habeas corpus after the Court concluded that Immigration and Customs Enforcement ("ICE") had followed applicable regulations in revoking Kong's Order of Supervision ("OSUP") and that he was lawfully detained. ECF No. 10. Specifically, the Court determined that, at the time of Kong's arrest, ICE had a valid I-205 warrant and had shown that Kong's removal was "significantly likely in the reasonably foreseeable future." *Id.* at 4–10.

---

[1] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

There are two motions before the Court. First, Kong moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). ECF No. 15. Second, Kong moves for a temporary restraining order ("TRO"), which asks the Court to restrain Kong's movement out of the District of Minnesota while his Rule 59(e) motion is pending. ECF No. 16. For the following reasons, the Court denies both motions.

## I. Rule 59(e) Motion

A Rule 59(e) motion serves "the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation modified). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* And Rule 59(e) "is not a vehicle to repeat arguments previously made to and rejected by the Court." *Benson v. Kemske*, No. 17-cv-3839 (MJD/DTS), 2021 WL 323954, at *2 (D. Minn. Feb. 1, 2021) (citing *Voss v. Hous. Auth. of the City of Magnolia*, 917 F.3d 618, 626 n.6 (8th Cir. 2019)).

Kong raises three categories of error in the Court's order denying his petition. The first two, however, repeat arguments Kong already made that the Court already rejected. Kong first contends that ICE failed to follow its regulations in revoking his Order of Supervision ("OSUP") because it did not adequately explain why it revoked his OSUP, as required by 8 C.F.R. § 241.13. ECF No. 15 at 5–14. This is precisely the argument Kong made before, *see* ECF No. 9 at 4–12, and one that the Court rejected, ECF No. 10 at 8–10 (noting in part that Kong's desire for a fuller explanation was "simply substituting Kong's

preferred explanation with the adequate one he was provided").[2] Likewise, Kong's second argument asserts that the Court committed error in holding that Kong's 2005 I-205 warrant of removal justified his arrest. ECF No. 15 at 14–22. Again, the Court considered and rejected that same argument, ECF No. 10 at 4–6, which it has done before in another similar case, *see Pao M. v. Blanche*, No. 26-cv-3399 (LMP/DJF), 2026 WL 2454331, at *2–3 (D. Minn. Aug. 21, 2026). As to both arguments, Kong presents no persuasive reasons to reconsider what the Court has already considered and rejected.

The third argument Kong presents is a new one, but a Rule 59(e) motion is not the proper avenue to bring it. Kong argues that because his travel document expired during the pendency of this habeas proceeding, there is no longer a "significant likelihood that Kong can actually be removed in the reasonably foreseeable future." ECF No. 15 at 25.

---

[2] Kong points the Court to a case that he did not previously cite: *Kong v. United States*, 62 F.4th 608 (1st Cir. 2023). That case is poles apart. There, as here, a noncitizen previously released on an OSUP was re-detained. *Id.* at 609–10. That is where the resemblance stops. There, ICE detained the noncitizen without providing any notice whatsoever and "no explanation for his arrest until he had been detained for approximately a week." *Id.* at 610. In fact, ICE did not even receive a travel document until after the noncitizen filed a federal habeas petition. *Id.* Even so, the district court independently found that "in the court's judgment, there was a significant likelihood that [Kong] may be removed in the reasonably foreseeable future," without ascertaining "whether ICE had made such a determination before arresting and re-detaining Kong." *Id.* at 611 (citation modified). That was error, the First Circuit held, because the regulations do "not allow a court in the first instance to make the required individualized finding." *Id.* at 620. Accordingly, the First Circuit remanded to allow the district court to assess whether ICE had made such a determination at the time of arrest "in light of the regulations instructing ICE on how it should make such a determination." *Id.* at 620. That is what the Court already did here. ECF No. 10 at 9 (holding that ICE sufficiently concluded that changed circumstances existed when "ICE informed Kong that it determined that his removal was likely because it had a travel document and a removal date").

This, as Kong acknowledges, is better known as a *Zadvydas* challenge. *Id.*; *see also Zadvydas v. Davis*, 533 U.S. 678 (2001).

But Kong did not raise a *Zadvydas* challenge in his original petition. Instead, as the Court explained, Kong's original petition raised four claims: a warrantless arrest claim and three claims arguing that the Government unlawfully revoked his OSUP. ECF No. 10 at 3. All those claims related to whether Kong's arrest, at the time of arrest, was lawful. Whether Kong's detention has become unlawful under *Zadvydas* because of the passage of time presents a new claim. Rule 59(e) motions are not proper avenues to present new claims. *See United States v. Martinez*, No. 11-cr-131(2) (SRN/AJB), 2013 WL3995385, at *3 (D. Minn. Aug. 5, 2013) ("Rule 59(e) motions provide a means of reconsidering matters already considered on the merits; they are not proper vehicles for new claims."); *Rivers v. Guerrero*, 605 U.S. 443, 454 (2025) (citation modified) (explaining that "Rule 59(e) motions are attendant on the initial habeas application itself"); *Dean v. City of Bay City*, 239 F. App'x 107, 111 (6th Cir. 2007) ("A motion . . . based on Rule 59(e) or Rule 60(b) is not the proper vehicle for asserting a new claim for the first time.").

This is not to say that Kong cannot raise a *Zadvydas* challenge in a subsequent petition. But Kong's argument in support of his current claim highlights the impropriety of considering it now. For instance, Kong faults the Government for not identifying a "renewed document, renewal request, new Lao authorization, or new removal arrangement." ECF No. 15 at 26. And Kong asserts—correctly—that in a *Zadvydas* challenge the Government bears the burden "to produce evidence sufficient" to show likelihood of removal. *Id.* Yet the Government has not had the opportunity to make that

very showing because the Government has not been asked by Kong (until now) or the Court to do so. As Kong acknowledges, it is entirely plausible that the Government has "since obtained a renewed Lao travel document or concrete removal arrangements." *Id.* The Government must be given a chance to demonstrate as much.

Kong points to an earlier decision by the Court as guidance for his *Zadvydas* claim. *See* ECF No. 15 at 26 (citing *Chay T. v. Mullin*, No. 26-cv-2908 (LMP/ECW), 2026 WL 1870619 (D. Minn. June 30, 2026)). But *Chay T.* further highlights the impropriety of considering Kong's *Zadvydas* challenge now. There, Chay brought a habeas petition alleging errors in his re-detention. *Id.* at *1. The Honorable Daniel M. Traynor denied the petition.[3] *Id.* Chay then brought a second habeas petition, raising a *Zadvydas* challenge. *Id.* Judge Traynor enjoined Chay's removal during the pendency of his second petition, and although the Government had procured travel documents and had a plan to remove Chay, the travel documents expired before Judge Traynor denied the second petition. *Id.* Chay then brought a third habeas petition, again raising a *Zadvydas* challenge and arguing that the Government could not demonstrate a likelihood of removal because of the expired travel documents. *Id.* at *2. In considering this third petition, the undersigned judge first noted that the Government had plans to remove Chay several months earlier, but that the Government could not do so only because of the "federal court injunctions barring Chay's removal while his successive habeas petitions were being litigated." *Id.* at *2–3. So in

---

[3] During the pendency of Chay's case, Judge Traynor's nomination to the U.S. Court of Appeals for the Eighth Circuit was confirmed on July 23, 2026, and he received his judicial commission on July 24, 2026.

denying Chay's third petition, the Court noted that the Government had demonstrated a significant likelihood of removal because it had represented that it had applied for new travel documents and had been previously successful in receiving similar documents. *Id.* at *3.

The same may be true here. The Court notes that the Government's failure to remove Kong before his travel documents expired on September 16, 2026, may have resulted from the injunction against his removal entered in this case. *See* ECF No. 4 ¶ 5. As *Chay* demonstrates, the proper route forward is not to delay indefinitely the pendency of *this* habeas petition, but for Kong to file a new habeas petition raising a *Zadvydas* claim.[4] At that point, the Court and the parties will have a full opportunity to litigate that claim.

Because Kong has not identified a manifest error of law or fact in the Court's order, but merely repeats arguments previously made to and rejected by the Court or presents new claims not previously presented to the Court, his request for Rule 59(e) relief cannot succeed. *Kunzer v. Foster*, No. 24-cv-3726 (LMP/LIB), 2025 WL 1750587, at *2 (D. Minn. May 20, 2025), *aff'd*, No. 25-2256, 2026 WL 22004 (8th Cir. Jan. 5, 2026).

## II. Temporary Restraining Order

For many of the same reasons, the Court denies Kong's TRO motion. ECF No. 16.

---

[4] With that said, and as the Court explained in *Chay T.*, Kong is warned that he "cannot indefinitely delay his removal by continuing to file successive habeas petitions and then pointing to judicial injunctions against removal as a reason for finding removal unlikely in the reasonably foreseeable future." *Chay T.*, 2026 WL 1870619, at *3 n.4. Any future petitions Kong brings will be "assigned to this Court, and [] this Court will no longer enter an injunction barring removal during the pendency of the petition." *Id.* If a *Zadvydas* challenge is to be successful, it must succeed because the Government is unlikely to remove Kong, not because the Government is prohibited by the Court from doing so.

A TRO is "an extraordinary equitable remedy," and the moving party "bears the burden of establishing its propriety." *Life Time Fitness, Inc. v. DeCelles*, 854 F. Supp. 2d 690, 694 (D. Minn. 2012). In determining whether the moving party has met this burden, the Court must consider four factors: (1) the threat of irreparable harm to the moving party in the absence of relief, (2) the balance between that harm and the harm that the relief may cause the nonmoving party, (3) the likelihood of the moving party's ultimate success on the merits, and (4) the public interest. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Kong seeks a TRO barring his removal during the pendency of his Rule 59(e) motion. ECF No. 16 at 1. The Court has now denied Kong's Rule 59(e) motion. As a result, Kong cannot show a likelihood of success and cannot meet his "burden of establishing the propriety of an injunction." *Turtle Island Foods, SPC v. Thompson*, 992 F.3d 694, 699 (8th Cir. 2021) (citation modified). Consequently, the TRO motion is denied as moot.

**ORDER**

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Kong L.'s Rule 59(e) Motion To Alter/Amend/Correct Judgment (ECF No. 15) is **DENIED**; and

2. Kong L.'s Motion for a Temporary Restraining Order (ECF No. 16) is **DENIED** as moot.

Dated: September 28, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge